Prob 12C
(Rev. 1/06 D/HI)

# SEALED

**ORIGINAL**

SEALED BY ORDER OF THE COURT

## SEALED BY ORDER OF THE COURT

### United States District Court

**for the**

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 0 7 2007

at _____ o'clock and _____ min _____ M
SUE BEITIA, CLERK

U.S.A. vs. ANNALIZA M. ANTONIO _____ Docket No. CR 02-00210HG-01

### REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW SYDNEY L. FLEMING, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Annaliza M. Antonio who was placed on supervision by the Honorable Helen Gillmor sitting in the Court at Honolulu, Hawaii, on the 21st day of January 2003, who fixed the period of supervision at 5 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1.  That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

2.  That the defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office.

3.  That restitution of $283,045.73 is due immediately to CUMIS Insurance Society, of which $159,009.00 is payable jointly and severally with codefendant Amalia Malacas, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income. Interest, if applicable, is waived while the defendant is serving her term of imprisonment and shall commence to accrue on any remaining balance upon her release on supervision.

**Modification:** On 5/3/2005, the Court modified the conditions of supervision and imposed the following special condition: 4) That the defendant serve a period of community confinement in a community correctional center such as Mahoney Hale for a period not to exceed 180 days or until released at the discretion and direction of the Probation Office. The defendant shall maintain employment as approved and directed by the Probation Office.

**Modification:** On 12/5/2005, the Court modified the conditions of supervision and imposed the following special condition: 5) The defendant shall perform 50 hours of community service as directed by the Probation Office.

Prob 12C
(Rev. 1/06 D/HI)

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of her Supervised Release (Probation Forms 7A and 12B attached) as follows:

1. On 1/17/2007, the offender engaged in conduct constituting Forgery in the Second Degree, in violation of Hawaii Revised Statutes § 708-852 and the General Condition.

2. The offender engaged in conduct constituting Theft in the Third Degree, in violation of Hawaii Revised Statutes § 708-831 and the General Condition.

3. The offender failed to submit truthful and complete written reports for the months of August, September, and October 2005 and June, July, August, September, October, November, and December 2006, in violation of Standard Condition No. 2.

4. The offender failed to notify the probation officer at least 10 days prior to any change in employment, in violation of Standard Condition No. 6.

5. The offender failed to make restitution payments in accordance with the collection policy of the Probation Office which is at a rate of not less than 10 percent of her monthly gross income, in violation of Special Condition No. 3.

6. The offender incurred credit charges and secured a line of credit without the prior approval of the Probation Office, in violation of Special Condition No. 2.

7. The offender failed to answer truthfully all inquiries by the Probation Officer on 5/26/2006 and 1/22/2007, and failed to follow the instructions of the Probation Officer issued on 6/6/2006, in violation of Standard Condition No. 3.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

Prob 12C
(Rev. 1/06 D/HI)

3

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[ ✓ ]    The issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.  The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ]    Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on    2/5/2007

*Timothy M. Jenkins* for:
SYDNEY L. FLEMING
U.S. Probation Officer

Approved by:

*Timothy M. Jenkins*
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.  The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 5th day of February, 2007, and ordered filed and made a part of the records in the above case.

HELEN GILLMOR
Chief U.S. District Judge

Re:  **ANTONIO, Annaliza M.**
**Criminal No. CR 02-00210HG-01**
**REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

The offender pled guilty to Count 24:  Bank Fraud and Count 48:  Money Laundering.  On 1/21/2003, she was sentenced to thirty (30) months imprisonment as to each of Counts 24 and 48 of the Indictment, all such terms to be served concurrently, to be followed by five (5) years supervised release as to Count 24 and three (3) years supervised release as to Count 48, to be served concurrently, with the special conditions noted on the facesheet of the petition.

On 3/14/2005, while confined at Mahoney Hale as an inmate of the Bureau of Prisons, the offender was oriented to the terms and conditions of supervision and signed a copy of them acknowledging her understanding of the conditions.  The offender's supervision commenced on 5/6/2005.  On 5/10/2005, the offender was again oriented to the supervised release conditions and was also provided with her signed copy of them.

As indicated on the first page of the petition, the Court modified the supervision conditions and imposed additional special conditions on 5/3/2005 and 12/5/2005, respectively.  The first modification was requested because the offender was unable to secure a suitable residence prior to her release from Mahoney Hale.  The second modification was a result of the offender's violations of her conditions of supervised release, including failure to submit truthful and complete written reports, failure to notify the probation officer at least ten (10) days prior to any change in employment, and failure to make restitution payments in accordance with the collection policy of the Probation Office.  The facts and circumstances of these violations are detailed below under Violation Nos. 3, 4, and 5.

Despite the opportunity to bring herself into compliance with her supervision conditions, the offender has continued to engage in noncompliant behavior which includes possible criminal conduct that is similar to that of the instant offense.  The offender's violations of supervised release include the following:

**Violation Nos. 1, 2, and 7 - Engagement in Conduct Constituting Forgery in the Second Degree; Engagement in Conduct Constituting Theft in the Third Degree; and Failure to Answer Truthfully All Inquiries by the Probation Officer**: On 1/19/2007, the offender's supervisor, Curtis Sasaki, of Conrad Enterprises Inc., (Conrad Enterprises) contacted the U.S. Probation Office and advised that he had terminated the offender's employment on 1/18/2007, after he discovered that the offender had altered and cashed a check from a customer of Conrad Enterprises.

Re:    **ANTONIO, Annaliza M.**
       **Criminal No. CR 02-00210HG-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 2**


On 1/22/2007, the offender reported for a scheduled office appointment with Supervising U.S. Probation Officer Timothy M. Jenkins. When questioned about her termination from employment, the offender admitted that she changed the name on a check payable to Conrad Enterprises, Inc., to her own name. She was unable to provide an explanation for her behavior and denied any other criminal conduct involving her employer or otherwise.

On 1/24/2007, Supervising U.S. Probation Officer Jenkins interviewed Curtis Sasaki, the offender's former supervisor at Conrad Enterprises. He informed that a customer contacted him to report that a review of their bank statements reflected that a check that had been written to Conrad Enterprises was returned cashed but with the offender's name on it as the payee. Sasaki stated that he confronted the offender on 1/18/2007, but that she could not provide an explanation as to what happened and asked for "a second chance." She was immediately terminated on that same date.

Also on 1/24/2007, Sasaki provided a faxed copy of the forged check indicating that the original check (#8601) from the customer was written to Conrad Enterprises, Inc., on 1/11/2007 for $549.73. The same check was returned cashed by Pacific Rim Bank on 1/17/2007, but was paid to the offender as the check bore her name as the payee.

On 1/25/2007, this officer and Supervising U.S. Probation Officer Jenkins interviewed an Operations Officer at Pacific Rim Bank. She confirmed that the offender cashed the check at Pacific Rim Bank by depositing the check through the automatic teller machine (ATM). We were further advised that the offender had opened a savings account on 6/22/2006 and a checking account on 6/29/2006, thus providing her access to the ATM to conduct financial transactions. It should be noted that neither of these accounts have been noted on the offender's Monthly Supervision Reports.

Pacific Rim Bank also provided our office with a copy of a check (#8812) dated 1/12/2007 drafted by the Twenty-Third Legislature of the State of Hawaii (Regular Session of 2006 the Senate) made payable to the offender in the amount of $461.69. Our office was informed by Pacific Rim Bank that the offender attempted to deposit the check via an ATM into her savings account on 1/23/2007 but that the teller processing the transaction returned the check to the offender because "it appeared to be altered." The teller enclosed a note with the check instructing the offender to obtain another check from the Twenty-Third Legislature.

Re:  **ANTONIO, Annaliza M.**
     **Criminal No. CR 02-00210HG-01**
     **REVOCATION OF SUPERVISED RELEASE**
     **STATEMENT OF FACTS - Page 3**


When confronted by this officer on 1/26/2007, the offender stated that she began taking money from Conrad Enterprises in January 2007 but later said it was "probably the end of November 2006 or the beginning of December 2006." She indicated that it was after she lost her second job. The offender admitted that since that time, she has taken "approximately $1,700 total" and that she cashed the check from the Conrad Enterprises customer for "$500 something" and that she also took cash from the customers who came in to Conrad Enterprises to settle their accounts in cash. She admitted to taking a total amount of approximately $1,200 in cash in this manner.

When pressed for an explanation, the offender further admitted that she used the money to pay for clothing for herself and her daughter as well as for Christmas presents, food, and her gym membership at 24-Hour Fitness. She stated that she took the money because she has "no financial support from her family" and that she "just needed the money."

When questioned about the check from the Twenty-Third Legislature of the State of Hawaii (Regular Session of 2006 the Senate), the offender admitted to taking the check from Conrad Enterprises but initially denied receiving it back in the mail. When instructed to bring the check to this officer upon receipt, she stated that she had received the check "yesterday at her post office box" and that she "tore it up and threw it away because she knew what she was doing was wrong."

The offender also admitted that she tried to cash the check from the Twenty-Third Legislature before her meeting with Supervising U.S. Probation Officer Jenkins on 1/22/2007. She said she was "too scared to tell him" when he asked on that same date if she had tried to cash any other checks other than the one from the Conrad Enterprises customer of which the Probation Office was already aware.

It is for the aforementioned behaviors that the offender is being charged with conduct constituting Forgery in the Second Degree and Theft in the Third Degree. Per Hawaii Revised Statutes (HRS) § 708-852, "A person commits the offense of forgery in the second degree if, with intent to defraud, the person falsely makes, completes, endorses, or alters a written instrument, or utters a forged instrument. . . " Forgery in the Second Degree is a Class C felony.

Per HRS § 708-832, "A person commits the offense of theft in the third degree if the person commits theft of property or services the value of which exceeds $100." Theft in the Third Degree is a misdemeanor. The offender stated that the greatest amount of money taken during a single cash transaction was $100. It is for this reason she is being charged with conduct constituting Theft in the Third Degree.

Re:    **ANTONIO, Annaliza M.**
       **Criminal No. CR 02-00210HG-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 4**


**Violation No. 3 - Failure to Submit a Truthful Written Report:**  The offender failed to report any vehicle owned or operated by herself on the August and September 2005 Monthly Supervision Reports.  Additionally, in September 2005, the offender failed to report that she had secured secondary part-time employment at Ala Moana Produce. She also failed to report the income from Ala Moana Produce during the months of September and October 2005.

Furthermore, the offender failed to report her checking and savings accounts with Pacific Rim Bank on her Monthly Supervision Reports for the months of June, July, August, September, October, November, and December 2006.

**Violation No. 4 - Failure to Provide Prior Notification of Any Change in Employment:**  On 10/28/2005, the offender reported that she had accepted an additional part-time job at Ala Moana Produce.  She stated that she would begin working on 10/31/2005.  On 11/2/2005, this officer met with Ann Asakura, President of Ala Moana Produce.  Asakura reported that the offender had been employed there since 9/19/2005 and that the offender had asked Asakura to lie to this officer about her start date.  As such, the offender failed to notify the Probation Office at least 10 days prior to any change in employment.

When confronted, the offender admitted that she was trying to hide the employment start date in an effort to avoid reporting the additional earned income.  She stated that she was saving the money to pay for car repairs.  It should be noted that during the offender's orientation to supervision on 5/10/2005, she was instructed to submit any discretionary income towards the restitution balance.

**Violation No. 5 - Failure to Submit Restitution According to the Collection Policy:**  The offender's restitution balance is currently $275,669.12 (with an original balance owed of $283,045.73).  The offender failed to remit at least 10 percent of her gross income from her second part-time job towards restitution in September and October 2005.

**Violation Nos. 6 and 7 - Offender Incurred Credit Charges and Secured a Line of Credit Without Prior Approval; and Failure to Follow the Instructions Issued by the Probation Officer; and Failure to Answer Truthfully All Inquiries by the Probation Officer**:  On 5/26/2006, a credit bureau check revealed that the offender had opened a credit card in May 2006 with First Premier Bank with a credit limit of $250 and a current balance of $178.

Re:   **ANTONIO, Annaliza M.**
       **Criminal No. CR 02-00210HG-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 5**

When questioned by this officer on that same date, the offender denied having opened a credit card account. Initially, she stated that she "did not have any credit cards at all." Then, she advised that she had been receiving "pre-approved" offers in the mail and that she recently acquired a debit card which had either a Master Card or Visa logo on it.

When questioned further, she stated that the account on the credit bureau report may actually be her sister's account, referring to her codefendant Amalia Malacas. She reported that both of them were trying to re-establish credit and that she had agreed to sign on a credit application with her sister.

When questioned again later on that same date, the offender admitted that she applied for the credit card "last month" because the information she had received indicated that the card was designed to help re-establish credit. She said that for a monthly fee of $20, the card enables the holder to use the card to purchase items up to a limit of $250. The offender maintained that she did not realize the card was anything other than a debit card. It should be noted that the offender was previously employed as a loan officer and would have knowledge of the difference between a credit card and debit card.

In response to the violation, the offender was instructed to report to this officer on 5/30/2006. At that time, the offender presented the credit card and accompanying written information which not only identified the card as a credit card but also indicated that she was being charged 19.9% interest and that $178 in "fees" had been applied toward her credit line of $250 leaving her with $72 in available credit.

When questioned further about the card, the offender said she "didn't know" that she had to request the Probation Officer's permission prior to obtaining the credit card. She informed that she "got it for emergency purposes" in case she or her daughter had an emergency.

As a sanction for the violation, the offender was required to attend a revocation hearing before Your Honor on 6/6/2006. She was also instructed to provide a letter of explanation on that date indicating the reason she obtained the credit card without prior approval.

The offender admitted in the letter that she "did not tell the truth (about the credit card) when asked because of fear." "Fear of what the consequence will be. I know it was wrong and that was a very poor judgment on my part and I'm very, very, sorry."

Re:    **ANTONIO, Annaliza M.**
**Criminal No. CR 02-00210HG-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 6**

Also on 6/6/2006, the offender was instructed not to purchase anything additional with her credit card and to satisfy the fees already incurred.

On 11/8/2006, the offender admitted that she had continued to use her credit card and that she was approximately $200 over her credit limit of $250. A credit bureau check conducted on that same date indicated that the offender owed a balance of $448.

The offender's noncompliance, which includes her new alleged criminal activity, manipulative behavior, and continued deception, suggests a lack of respect for her supervision requirements as well as for the criminal justice system. Despite being afforded numerous opportunities to come into compliance with the supervision conditions, the offender continues to exercise poor decision-making skills and poor judgment as evidenced by the aforementioned violations. The offender had been warned that continued noncompliance would result in the request for adverse Court action. Based upon her conduct and violations, we respectfully request that the Court issue a No Bail warrant for the offender's appearance before the Court to show cause why supervision should not be revoked.

Respectfully submitted by,

_Timoth M._ _for:_
SYDNEY L. FLEMING
U.S. Probation Officer

Approved by:

_Timoth M._
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

SLF/pts

Re:  **ANTONIO, Annaliza M.**
     **Criminal No. CR 02-00210HG-01**
     **REVOCATION OF SUPERVISED RELEASE**
     **STATEMENT OF FACTS - Page 7**

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

That the defendant shall notify all potential employers of her conviction and supervision status during the application process and prior to accepting employment.  Such notification must be verified by the Probation Office prior to the acceptance and commencement of employment.

That the defendant shall notify the Probation Office of any contemplated employment and shall obtain approval from the Probation Office for all employment.

That the defendant, however employed, shall not have access to other person's personal information and/or documentation containing personal information, including social security number, date of birth, address, financial and/or credit card account numbers, as directed by the Probation Office.

The defendant shall maintain a single personal bank account into which all income, financial proceeds and gains shall be deposited and from which all expenses shall be paid.

Unless the defendant is self-employed, she may not be employed in any capacity wherein she has custody, control, or management of her employer's funds. Additionally, as a condition of any employment, the defendant must use her true legal name, identifying information, and personal mailing address.

PROB 7A
(Rev. 9/00; D/HI 7/02)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To:      Annaliza M. Antonio                    Docket No.  CR 02-00210HG-01
Address: ~~                  ~~   ~~      ~~

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Helen Gillmor, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of FIVE (5) YEARS commencing upon release from confinement.  *5/6/05*

While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[✓ ]     The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)     The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)     The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)     The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)     The defendant shall support his or her dependents and meet other family responsibilities;

(5)     The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)     The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)     The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)     The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)     The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)    The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11)    The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)    The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)    As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

(1)     *That the defendant provide the Probation Office and Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.*

**(special conditions continued on next page)**

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____        3-10-05

_____        3-14-05
ANNALIZA M. ANTONIO                      Date
Defendant

_____        3/14/05
SYDNEY L. FLEMING                        Date
U.S. Probation Officer

                                         5/10/05

PROB 7A
(Rev. 9/00; D/HI 7/02)

RE:    ANTONIO, Annaliza M.
       Docket No. CR 02-00210HG-01

Conditions of Probation and Supervised Release
**(continued from previous page)**

(2)    *That the defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office.*

(3)    *That restitution of $283,045.73 is due immediately to CUMIS Insurance Society, of which $159,009.00 is payable jointly and severally with codefendant Amalia Malacas, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income. Interest, if applicable, is waived while te defendant is serving her term of imprisonment and shall commence to accrue on any remaining balance upon her release on supervision.*

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    5-10-05

_____    3-14-05
ANNALIZA M. ANTONIO
Defendant                           Date

_____    3/14/05
SYDNEY L. FLEMING
U.S. Probation Officer              Date

                                    5/10/05

PROB. 12B
(7/93)

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

RECEIVED **United States District Court**

MAY 03 2005

**for the**

at 10 o'clock and __ min. __ M.
WALTER A. Y. H. CHINN, CLERK

'05 MAY -3 A11 :05    **DISTRICT OF HAWAII**

U S. PROBATION OFFICE
HONOLULU, HAWAII

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: ANNALIZA M. ANTONIO      Case Number: CR 02-00210HG-01

Name of Sentencing Judicial Officer:   The Honorable Helen Gillmor
U.S. District Judge

Date of Original Sentence: 1/21/2003

Original Offense:    <u>Count 24:</u> Bank Fraud, in violation of 18 U.S.C. § 1344, a Class B
felony

<u>Count 48:</u> Money Laundering, in violation of 18 U.S.C.
§ 1956(a)(1)(B), a Class C felony

Original Sentence:   The defendant is hereby committed to the custody of the
United States Bureau of Prisons to be imprisoned for a total term of
30 months as to each of Counts 24 and 48 of the Indictment, all
such terms to be served concurrently, followed by 5 years of
supervised release as to Count 24 and 3 years as to Count 48 of
the Indictment, all terms to be served concurrently, with the
following special conditions:  1) That the defendant provide the
Probation Office and the Financial Litigation Unit of the
U.S. Attorney's Office access to any requested financial information
to include submitting to periodic debtor's examinations as directed
by the Probation Office; 2) That the defendant is prohibited from
incurring credit charges and lines of credit without the approval of
the Probation Office; and 3) That restitution of $283,045.73 is due
immediately to CUMIS Insurance Society, of which $159,009.00 is
payable jointly and severally with codefendant Amalia Malacas, and
any remaining balance upon release from confinement be paid
during the period of supervision on an installment basis according
to the collection policy of the Probation Office but at a rate of not
less than 10 percent of her monthly gross income.  Interest, if
applicable, is waived while the defendant is serving her term of
imprisonment and shall commence to accrue on any remaining
balance upon her release on supervision.

Prob 12B
(7/93)

2

Type of Supervision:  Supervised Release    Date Supervision to Commence: 5/9/2005

## PETITIONING THE COURT

[✓]    To modify the conditions of supervision as follows:

4)    *That the defendant serve a period of community confinement in a community correctional center such as Mahoney Hale for a period not to exceed 180 days or until released at the discretion and direction of the Probation Office.  The defendant shall maintain employment as approved and directed by the Probation Office.*

## CAUSE

On 2/23/2005, the subject entered Mahoney Hale, a Community Corrections Center.  She is participating in the program as a Bureau of Prisons inmate.  The subject is scheduled to be released on supervised release on 5/9/2005.

In preparing for her release, the subject has been unable to secure a suitable residence.  As a result, her continued stay at Mahoney Hale will afford her the opportunity to continue to search for a suitable residence and save some of her income for her eventual release.  It should be noted that the subject is employed full-time at Conrad Enterprises.

Based on the above, we respectfully recommend that the Court impose the recommended special condition.  By doing so, the subject will remain at Mahoney Hale for an additional 180 days, or until she secures a suitable residence.  We have confirmed with the director of Mahoney Hale that the subject can remain at the facility at this time.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release.  The subject waives her right to a hearing and to assistance of counsel.  The subject agrees to the modification of the conditions of supervised release.  The

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended.  By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel.  I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel.  I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]    To modify the conditions of supervision as follows:

4    *That the defendant serve a period of community confinement in a community correctional center such as Mahoney Hale for a period not to exceed 180 days or until released at the discretion and direction of the Probation Office.  The defendant shall maintain employment as approved and directed by the Probation Office.*

Witness: _____
SYDNEY L. FLEMING
U.S. Probation Officer

Signed: _____
ANNALIZA M. ANTONIO
Supervised Releasee

4-28-05
Date

PROB. 12B
(7/93)

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 05 2005

at 3 o'clock and ⁪⁪ min ⁪⁪ M
SUE BEITIA, CLERK

# United States District Court

RECEIVED
U.S. PROBATION OFFICE
HONOLULU, HAWAII **for the**

'05 DEC -5 P3:54 **DISTRICT OF HAWAII**

## Request for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
### (Probation Form 49, Waiver of Hearing is Attached)

Name of Offender:  ANNALIZA M. ANTONIO          Case Number:  CR 02-00210HG-01

Name of Sentencing Judicial Officer:   The Honorable Helen Gillmor
                                        U.S. District Judge

Date of Original Sentence: 1/21/2003

Original Offense:   <u>Count 24</u>:  Bank Fraud, in violation of 18 U.S.C. § 1344, a Class B
felony; and <u>Count 48</u>:  Money Laundering, in violation of 18 U.S.C.
§ 1956(a)(1)(B), a Class C felony

Original Sentence:  30 months imprisonment as to each of Counts 24 and 48 of the
Indictment, all such terms to be served concurrently, followed by
5 years of supervised release as to Count 24 and 3 years as to
Count 48 of the Indictment, all terms to be served concurrently,
with the following special conditions:  1) That the defendant provide
the Probation Office and Financial Litigation Unit of the
U.S. Attorney's Office access to any requested financial information
to include submitting to periodic debtor's examinations as directed
by the Probation Office; 2) That the defendant is prohibited from
incurring credit charges and lines of credit without the approval of
the Probation Office; and 3) That restitution of $283,045.73 is due
immediately to CUMIS Insurance Society, of which $159,009.00 is
payable jointly and severally with codefendant Amalia Malacas, and
any remaining balance upon release from confinement be paid
during the period of supervision on an installment basis according
to the collection policy of the Probation Office but at a rate of not
less than 10 percent of her monthly gross income.  Interest, if
applicable, is waived while the defendant is serving her term of
imprisonment and shall commence to accrue on any remaining
balance upon her release on supervision.

Modified Sentence:  On 5/3/2005, the Court modified the conditions of probation to
include:  4) That the defendant serve a period of community
confinement in a community correctional center such as Mahoney
Hale for a period not to exceed 180 days or until released at the

Prob 12B
(7/93)

2

discretion and direction of the Probation Office. The defendant shall maintain employment as approved and directed by the Probation Office.

Type of Supervision: Supervised Release    Date Supervision Commenced: 5/6/2005

## PETITIONING THE COURT

[X]    To modify the conditions of supervision as follows:

5)    *The defendant shall perform 50 hours of community service as directed by the Probation Office.*

## CAUSE

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1. Standard Condition No. 2 | The offender failed to submit truthful and complete written reports for the months of August, September, and October 2005. |
| 2. Standard Condition No. 6 | The offender failed to notify the probation officer at least 10 days prior to any change in employment. |
| 3. Special Condition No. 3 | The offender failed to make restitution payment in accordance to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income. |

The offender's supervision commenced on 5/6/2005. On 5/10/2005, the offender was oriented to the terms and conditions of supervision and signed Probation Form 7A acknowledging her understanding of the conditions. On that same date, she was also provided with a copy of the signed Probation Form 7A.

The offender's initial adjustment on supervision appeared to be satisfactory. While confined at Mahoney Hale as a Bureau of Prisons inmate, she secured full-time employment at Conrad Enterprises as an accounts receivable clerk. Upon the commencement of supervision, she agreed to a voluntary payroll deduction to ensure the submission of timely and accurate monthly payments. Further to her credit, she managed to obtain suitable housing just prior to her release from Mahoney Hale. Consequently, the additional public law placement that the Court approved on 5/3/2005 was not necessary.

On 10/23/2005, while conducting an unannounced home inspection, this officer was informed by the offender's landlord, Sonny Sacamos, that the offender had entered into an agreement to purchase a car from him. Sacamos stated that in August 2005, the offender had agreed to purchase the car for $2,000. It was further agreed that the offender would make payments at a rate of $400 per month for 5 months (August

Prob 12B
(7/93)

3

through December).  Sacamos reported that the offender failed to submit the full payment amounts in August and September 2005.  As a result, in October 2005, the rate was adjusted to $433 per month.  The violations are as follows:

**Violation No. 1:  Failure to Submit a Truthful Written Report:**  The offender failed to report any vehicle owned or operated by herself on the August and September 2005 Monthly Supervision Reports.  Additionally, in September and October 2005, the offender failed to report that she had secured secondary part-time employment at Ala Moana Produce.  She also failed to report the income from Ala Moana Produce during the months of September and October 2005, as well.

**Violation No. 2:  Failure to Provide Prior Notification of Any Change in Employment:**  On 10/28/2005, the offender reported that she had accepted an additional part-time job at Ala Moana Produce.  She stated that she would begin working on 10/31/2005.  On 11/2/2005, this officer met with Ann Asakura, president of Ala Moana Produce.  Asakura reported that the offender had been employed there since 9/19/2005 and that the offender had asked Asakura to lie to this officer about her start date.  As such, the offender failed to notify the Probation Office at least 10 days prior to any change in employment.

When confronted, the offender admitted that she was trying to hide the employment start date in an effort to avoid reporting the additional earned income.  She stated that she was saving the money to pay for car repairs.  It should be noted that during the offender's orientation to supervision on 5/10/2005, she was instructed to submit any discretionary income towards the restitution balance.  The purchase of an automobile without discussion with this officer indicates the offender's disregard of the previous instruction that she apply discretionary income towards the restitution.

**Violation No. 3:  Failure to Submit Restitution According to the Collection Policy:**  The offender's restitution balance is $281,836.88.  The offender failed to remit at least 10% of her gross income from her second part-time job towards restitution in September and October 2005.

The offender's noncompliance coupled with her manipulative behavior and continued deception suggests a lack of respect for her supervision requirements as well as for the criminal justice system.  The proposed modification for community service is intended to impress upon her the seriousness of her violations.  The offender has been counseled and warned that further violations may result in more punitive sanctions including the possible revocation of supervision.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release.  The offender waives her right to a hearing and to assistance of counsel.  The offender agrees to the modification of the conditions of supervised release.  The

Prob 12B
(7/93)

4

offender's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

SYDNEY L. FLEMING
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 11/28/2005

THE COURT ORDERS:

[✔]    The Modification of Conditions as Noted Above
[ ]    Other

HELEN GILLMOR
U.S. District Judge

12.4.05
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]  To modify the conditions of supervision as follows:

5   *The defendant shall perform 50 hours of community service as directed by the Probation Office.*

Witness: _Sydney L. Fleming_
SYDNEY L. FLEMING
U.S. Probation Officer

Signed: _Annaliza M. Antonio_
ANNALIZA M. ANTONIO
Supervised Releasee

_11-8-05_
Date