Prob 12CAmended 1
(Rev. 3/06 D/HI)

# United States District Court

### for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 13 2007

at 12 o'clock 45 min P M
SUE ___ IA, CLERK

U.S.A. vs. ANNALIZA M. ANTONIO                                Docket No. CR 02-00210HG-01

## AMENDED REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW SYDNEY L. FLEMING, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Annaliza M. Antonio who was placed on supervision by the Honorable Helen Gillmor sitting in the Court at Honolulu, Hawaii, on the 21st day of January 2003, who fixed the period of supervision at 5 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

2. That the defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office.

3. That restitution of $283,045.73 is due immediately to CUMIS Insurance Society, of which $159,009.00 is payable jointly and severally with codefendant Amalia Malacas, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income. Interest, if applicable, is waived while the defendant is serving her term of imprisonment and shall commence to accrue on any remaining balance upon her release on supervision.

**Modification:** On 5/3/2005, the Court modified the conditions of supervision and imposed the following special condition: 4) That the defendant serve a period of community confinement in a community correctional center such as Mahoney Hale for a period not to exceed 180 days or until released at the discretion and direction of the Probation Office. The defendant shall maintain employment as approved and directed by the Probation Office.

**Modification:** On 12/5/2005, the Court modified the conditions of supervision and imposed the following special condition: 5) The defendant shall perform 50 hours of community service as directed by the Probation Office.

Prob 12C Amend 1
(Rev. 3/06 D/HI)

2

# RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

### Alleged Violation(s) of Supervised Release

That the petition for Request for Course of Action dated 2/5/2007 and filed on 2/7/2007 reflect the following amended violation(s):

1. The offender engaged in conduct constituting Forgery in the Second Degree when she negotiated and attempted to negotiate altered checks originally made payable to her employer on or about 1/17/2007 and 1/22/2007, respectively, in violation of Hawaii Revised Statutes § 708-852 and the General Condition.

2. The offender engaged in conduct constituting Theft in the Second Degree when she stole cash from her employer in the aggregate amount of $1,200.00 from on or about November 2006 through on or about January 2007, in violation of Hawaii Revised Statutes § 708-831 and the General Condition.

Based on the above, the U.S. Probation Officer recommends that the Request for Course of Action dated 2/5/2007 and filed on 2/7/2007 be amended to reflect the above violation(s).

---

## PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] That the Request for Course of Action dated 2/5/2007 and filed on 2/7/2007 be amended to reflect the above violation(s) and that the subject be brought before the Court to show cause why supervision should not be revoked.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on    3/1/2007

_Sydney L. Fleming_
SYDNEY L. FLEMING
U.S. Probation Officer

Approved by:

_Timothy M. Jenkins_
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Prob 12C Amend 1
(Rev. 3/06 D/HI)

3

## ORDER OF COURT

THE COURT ORDERS that the Request for Course of Action dated 2/5/2007 and filed on 2/7/2007 be amended to include and reflect the amended violation(s) and that the subject be brought before the Court to show cause why supervision should not be revoked.

Considered and ordered this 1st day of March, 2007, and ordered filed and made a part of the records in the above case.

_[signature]_

HELEN GILLMOR
Chief U.S. District Court Judge

Re:   ANTONIO, Annaliza M.
      Criminal No. CR 02-00210HG-01
      REVOCATION OF SUPERVISED RELEASE

## STATEMENT OF FACTS

The filing of this amended petition serves to reflect the change in the charging language of Violation Nos. 1 and 2:

**Violation Nos. 1 and 2 - Engagement in Conduct Constituting Forgery in the Second Degree and Engagement in Conduct Constituting Theft in the Second Degree:** On 1/19/2007, the offender's supervisor, Curtis Sasaki, of Conrad Enterprises Inc., (Conrad Enterprises) contacted the U.S. Probation Office and advised that he had terminated the offender's employment on 1/18/2007, after he discovered that the offender had altered and cashed a check from a customer of Conrad Enterprises.

On 1/22/2007, the offender reported for a scheduled office appointment with Supervising U.S. Probation Officer Timothy M. Jenkins. When questioned about her termination from employment, the offender admitted that she changed the name on a check payable to Conrad Enterprises, Inc., to her own name. She was unable to provide an explanation for her behavior.

On 1/24/2007, Supervising U.S. Probation Officer Jenkins interviewed Curtis Sasaki, the offender's former supervisor at Conrad Enterprises. He informed that a customer contacted him to report that a review of their bank statements reflected that a check that had been written to Conrad Enterprises was returned cashed but with the offender's name on it as the payee. Sasaki stated that he confronted the offender on 1/18/2007, but that she could not provide an explanation as to what happened and asked for "a second chance." She was immediately terminated on that same date.

Also on 1/24/2007, Sasaki provided a faxed copy of the forged check indicating that the original check (#8601) from the customer was written to Conrad Enterprises, Inc., on 1/11/2007 for $549.73. The same check was returned cashed by Pacific Rim Bank on 1/17/2007, but was paid to the offender as the check bore her name as the payee.

On 1/25/2007, this officer and Supervising U.S. Probation Officer Jenkins interviewed an Operations Officer at Pacific Rim Bank. She confirmed that the offender cashed the check at Pacific Rim Bank by depositing the check through the automatic teller machine (ATM). We were further advised that the offender had opened a savings account on 6/22/2006 and a checking account on 6/29/2006, thus providing her access to the ATM to conduct financial transactions. It should be noted that neither of these accounts have been noted on the offender's Monthly Supervision Reports.

Re:   ANTONIO, Annaliza M.
      Criminal No. CR 02-00210HG-01
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 2

    Pacific Rim Bank also provided our office with a copy of a check (#8812) dated 1/12/2007 drafted by the Twenty-Third Legislature of the State of Hawaii (Regular Session of 2006 the Senate) made payable to the offender in the amount of $461.69. Our office was informed by Pacific Rim Bank that the offender attempted to deposit the check via an ATM into her savings account on 1/23/2007 but that the teller processing the transaction returned the check to the offender because "it appeared to be altered." The teller enclosed a note with the check instructing the offender to obtain another check from the Twenty-Third Legislature.

    When confronted by this officer on 1/26/2007, the offender stated that she began taking money from Conrad Enterprises in January 2007 but later said it was "probably the end of November 2006 or the beginning of December 2006." She indicated that it was after she lost her second job. The offender admitted that since that time, she has taken "approximately $1,700 total" and that she cashed the check from the Conrad Enterprises customer for "$500 something" and that she also took cash from the customers who came in to Conrad Enterprises to settle their accounts in cash. She admitted to taking a total amount of approximately $1,200 in cash in this manner.

    When pressed for an explanation, the offender further admitted that she used the money to pay for clothing for herself and her daughter as well as for Christmas presents, food, and her gym membership at 24-Hour Fitness. She stated that she took the money because she has "no financial support from her family" and that she "just needed the money."

    When questioned about the check from the Twenty-Third Legislature of the State of Hawaii (Regular Session of 2006 the Senate), the offender admitted to taking the check from Conrad Enterprises but initially denied receiving it back in the mail. When instructed to bring the check to this officer upon receipt, she stated that she had received the check "yesterday at her post office box" and that she "tore it up and threw it away because she knew what she was doing was wrong."

    The offender also admitted that she tried to cash the check from the Twenty-Third Legislature before her meeting with Supervising U.S. Probation Officer Jenkins on 1/22/2007. She said she was "too scared to tell him" when he asked on that same date if she had tried to cash any other checks other than the one from the Conrad Enterprises customer of which the Probation Office was already aware.

    It is for the aforementioned behaviors that the offender is being charged with conduct constituting Forgery in the Second Degree and Theft in the Second Degree. Per Hawaii Revised Statutes (HRS) § 708-852, "A person commits the offense of

Re: ANTONIO, Annaliza M.
Criminal No. CR 02-00210HG-01
REVOCATION OF SUPERVISED RELEASE
STATEMENT OF FACTS - Page 3

forgery in the second degree if, with intent to defraud, the person falsely makes, completes, endorses, or alters a written instrument, or utters a forged instrument. . ." Forgery in the Second Degree is a Class C felony.

Per HRS § 708-831, "A person commits the offense of theft in the second degree if the person commits theft of property or services the value of which exceeds $300." Theft in the Second Degree is a Class C felony. The offender stated that over a period of about three (3) months (from on or about November 2006 through on or about January 2007) she stole a total of approximately $1,200.00 in cash from her employer. This behavior is demonstrative of a continuing course of conduct over a short period of time involving the same victim. It is for this reason she is being charged with conduct constituting Theft in the Second Degree.

Respectfully submitted by,

_Sydney L. Fleming_
SYDNEY L. FLEMING
U.S. Probation Officer

Approved by:

_Timoth M. J___
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

SLF/tcp

Re:   ANTONIO, Annaliza M.
      Criminal No. CR 02-00210HG-01
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 4

## NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION

There do not appear to be any circumstances that warrant consideration of additional conditions at this time.