# AMENDED MINUTES

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

March 23, 2007  4:30 pm

SUE BEITIA, CLERK

| | |
|---|---|
| CASE NUMBER: | CR 02-00210HG-001 |
| CASE NAME: | UNITED STATES OF AMERICA v. (01) ANNALIZA MALACAS ANTONIO |
| ATTYS FOR PLA: | Lawrence L. Tong, AUSA |
| ATTYS FOR DEFT: | (01) Shanlyn A.S. Park, AFPD |
| U.S.P.O.: | Sydney Fleming |

| | | | |
|---|---|---|---|
| JUDGE: | Helen Gillmor | REPORTER: | |
| DATE: | | TIME: | |

COURT ACTION:  ORDER TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED AS TO (01) DEFENDANT ANNALIZA MALACAS ANTONIO

The defendant is present in custody.
The defendant admitted to Violation Nos. 3, 4, 5, and 6.
The defendant denied admission to Violation Nos. 1, 2, and 7.  Defendant waived reading of the charges in Violation Nos. 1, 2, and 7.

11:46 CST Sydney Fleming
11:48 Cross-examination by Ms. Park
11:49 Re-direct examination by Mr. Tong

The Court finds that all seven allegations have been proven, and there are Grade B violations.  She is in Criminal History Category I.  The guideline imprisonment range, which is advisory in this context is very general, and the Court believes that it does not reflect the seriousness of the allegations which is 4 to 10 months.  The Court believes that given the seven factors to consider, to fashion a reasonable sentence with respect to behavior, the guidelines are not appropriate in any way.

Supervised release is revoked.

      ADJUDGED: Impr of 18 MONTHS as to Count 24, and 10 MONTHS as to Count 48, with both terms to be served consecutively, for a total of 28 MONTHS.

      SUPERVISED RELEASE: 42 MONTHS as to Count 24, and 26 MONTHS as to Count 48, with both terms to run concurrently, for a total of 42 MONTHS upon the following conditions:

1. That the defendant shall abide by the standard conditions of supervision.

2. That the defendant not commit any crimes, federal, state, or local (mandatory condition).

3. That the defendant not possess illegal controlled substances (mandatory condition).

4. That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the terms of supervision.

5. That the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

6. That the defendant serve 6 months community confinement, in a residential reentry center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office. While serving the term of community confinement, the defendant shall obtain full time employment and/or enroll in an educational program as approved and directed by the Probation Office.

7. That the defendant execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

8. That the defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office.

9. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

10. That the defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a

    search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

11. That the defendant shall notify all potential employers of her conviction and supervision status during the application process and prior to accepting employment. Such notification must be verified by the probation office prior to the acceptance and commencement of employment.

12. That the defendant shall notify the Probation Office of any contemplated employment and shall obtain approval from the Probation Office for all employment.

13. That the defendant, however employed, shall not have access to other person's personal information and/or documentation containing personal information, including social security number, date of birth, address, financial and/or credit card account numbers, as directed by the Probation Office.

14. The defendant shall maintain a single personal bank account into which all income, financial proceeds and gains shall be deposited and from which all expenses shall be paid.

15. Unless the defendant is self-employed, she may not be employed in any capacity wherein she has custody, control, or management of her employer's funds. Additionally, as a condition of any employment, the defendant must use her true legal name, identifying information, and personal mailing address.

16. That restitution of $283,045.73 is due immediately to CUMIS Insurance Society, of which $159,009.00 is payable jointly and severally with codefendant Amalia Malacas, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income. Interest is waived while the defendant is serving her term of imprisonment and shall commence to accrue on any remaining balance upon her release on supervision.

RECOMMENDATIONS: That the defendant participate in an educational/vocational training program in a field that has nothing to do with financial matters.

Advised of rights to appeal the sentence, etc.

    Submitted by: Mary Rose Feria, Courtroom Manager